United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40693
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO GONZALEZ-MATA, also known as
Francisco Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-93-ALL
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Genaro Gonzalez-Mata pleaded guilty to one count of illegal
reentry into the United States following deportation and after
having been convicted of an "aggravated felony," a violation of 8
U.S.C. § 1326(a) and (b). The district court sentenced him to 70
months in prison and a three-year term of supervised release. He
argues for the first time on appeal that 8 U.S.C. § 1326(b) is
unconstitutional on its face and as applied in his case because
it does not require the fact of a prior felony or aggravated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony conviction to be charged in the indictment and proved beyond a reasonable doubt.  As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Gonzalez-Mata also argues that the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), should be applied to sentences determined under the federal sentencing guidelines.  He concedes that this argument is foreclosed by this court's opinion in United States v. Pineiro, 377 F.3d 464, 465 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263), but he raises it to preserve it for possible further review.

AFFIRMED.